# EXHIBIT B

FILED
2014-DCL-06663
9/30/2014 5:35:17 PM
Aurora De La Garza
Cameron County District Clerk
By Nora Gonzalez Deputy Clerk
2676726

2014-DCL-06663

## CAUSE NO. _____

| | | |
|---|---|---|
| GILBERTO ELIZONDO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | Cameron County - 107th District Court |
| vs. | § | |
| | § | ____ JUDICIAL DISTRICT |
| | § | |
| KEPPEL AMFELS, LLC | § | |
| *Defendant* | § | CAMERON COUNTY, TEXAS |

---

### PLAINTIFF GILBERTO ELIZONDO'S ORIGINAL PETITION

---

**TO THE HONORABLE COURT:**

   **COMES NOW, GILBERTO ELIZONDO** (hereinafter referred to as Plaintiff) complaining of **KEPPEL AMFELS, LLC** (hereinafter referred to as Defendant company or the Defendant employer) and for such causes of action would respectfully show unto the Court and the Jury as follows:

### I.

### Discovery Level

   1.1   Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190. Plaintiff Gilberto Elizondo requests that discovery be conducted under Level 3 and that non-expedited discovery rules apply as the compensable damages exceed $100,000.00 and/or involve equitable remedies.

### II.

### Parties

   2.1   Plaintiff, **GILBERTO ELIZONDO**, is an individual residing in Rancho Viejo, Cameron County, Texas.

ELIZONDO, Gilberto  -  pop.                                                        1

EXHIBIT B-1

2.2     Defendant, **KEPPEL AMFELS, L.L.C.** is a Texas limited liability company and  is authorized to and is doing business in the State of Texas with a registered agent in the State of Texas.  Service of process on this Defendant may be effected in its assumed name pursuant to Rule 28 of the Texas Rules of Civil Procedure by serving its registered agent *via certified mail, return receipt requested* as follows:

> Kim Foong Lee
> 20,000 South Highway 48
> Brownsville, Texas 78521

2.3     Service of citation is requested *via Certified Mail, Return Receipt Requested.*

### III.

### Venue and Jurisdiction

3.1     Venue is proper in Cameron County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) in that the incident made the basis of this cause of action occurred in whole or in substantial part in Cameron County, Texas.

### IV.

### Administrative Procedures

4.1     Within 180 days of the occurrence of the acts complained of, Plaintiff Gilberto Elizondo filed his initial complaint with the Texas Workforce Commission - Civil Rights Division, formerly known as the Texas Commission on Human Rights alleging that the Defendant company had committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act (hereinafter referred to as the "TCHRA").  The formal charge and the "Notice of the Right to File A Civil Action Letter" were filed and received as follows:

Formal Complaint Filed:      January 22, 2014

Notice of Right to File A
Civil Action Letter Received:     August 11, 2014

4.2    On August 11, 2014, Plaintiff received from the Texas Workforce Commission - Civil Rights Division, formerly known as the Texas Commission on Human Rights, Plaintiff's Right to File A Civil Action letter allowing the Plaintiff to file this lawsuit within sixty days of its receipt. Plaintiff's statutory claims have been filed within sixty days of its receipt. A copy of this notice is attached as Exhibit **"A"** and is incorporated for all purposes by reference. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

### V.

### No Federal Claims Made

5.1    Plaintiff hereby gives notice that the only causes of action he intends to litigate are those concerning rights afforded to him under the Texas Constitution, the Texas Labor Code – specifically, the Texas Commission on Human Rights Act and the Common Law of the Sovereign State of Texas. The Plaintiff hereby affirmatively avers that he has not alleged any federal cause of action.

### VI.

### Factual Background

6.1    Plaintiff Gilberto Elizondo accepted employment with the Defendant Company on or about June 15, 1996 as a Director of Human Resources by Keppel Amfels

in Brownsville, Texas.   For more than 17 years, Plaintiff received commendable evaluations and was treated as a valued member of the team.  During his career with the Defendant company, Plaintiff received several promotions and at the time of his termination, he had attained the position of Senior Vice President of Human Resources and was earning approximately $163,638.00 annually including bonuses, incentive pay and/or fringe benefits.  During his more than 17 years of employment with the Defendant company, Plaintiff performed the duties assigned to him with dedication, hard work and loyalty.

6.2     During the last six months of his employment, Plaintiff was subjected to discriminatory animus, disparate treatment and/or a hostile work environment on account of illegal age discrimination (62: DOB: XX-XX-19XX) directed at him. Plaintiff was told by Defendant's employer's CEO, G.S. Tan, that Plaintiff either had to resign or he would be terminated for allegedly violating company policy.  Plaintiff was considered one of the older and higher compensated employees in the company and he was replaced by a younger, and less tenured individual, namely – Alberto Garcia, who is being paid much less than Plaintiff. Defendant has also breached its agreement to pay Plaintiff all of the compensation that is due and owing, including his executive earned compensation in the President's List account.

6.3     On or about September 3, 2013, under threat of termination, Plaintiff Gilberto Elizondo was constructively discharged or forced to resign his position under protest.  As a result, Plaintiff was constructively discharged and/or terminated by members of Defendant's management.   The Defendant contended that Plaintiff violated an alleged conflict of interest policy by forming a non-competing residential construction company.

ELIZONDO, Gilberto  ·  pop.                                                                                          4

Defendant, by and through CEO, G.S. Tan and CFO, Alberto Garcia, were aware and had authorized Plaintiff's formation of the residential construction company.  The alleged reason provided for Plaintiff's discharge is a pretextual excuse which is designed to mask discriminatory age animus and/or unlawful retaliation.

6.4    Plaintiff Gilberto Elizondo would further show unto the court and jury that a motivating or determining factor in connection with his unlawful termination was on account of his age (62; DOB: XX-XX-19XX) in violation of the Texas Commission on Human Rights Act. Furthermore, Plaintiff would show that he is in the protected category of age (i.e., – 62 years of age in that he was over 40 years old); that he was qualified for his job as Senior Vice President of Human Resources and that he was constructively discharged or terminated and that he suffered an adverse employment action and that  he was replaced by a younger worker and/or was  otherwise discriminated against on account of his age. As such, Plaintiff has been unlawfully discriminated against and/or retaliated against in violation of the Texas Commission on Human Rights Act ("TCHRA"), as amended.

### VII.

### Causes of Action - Section 21.051 Discrimination by Employer

### A.    Violations of the Texas Commission on Human Rights Act

7.1    Plaintiff re-alleges the allegations contained in Section VI, entitled *Factual Background*.

7.2    Plaintiff Gilberto Elizondo accepted employment with the Defendant Company on or about June 15, 1996 as a Director of Human Resources by Keppel Amfels in Brownsville, Texas.   For more than 17 years, Plaintiff received commendable evaluations and was treated as a valued member of the team. During his career with the Defendant company, Plaintiff received several promotions and at the time of his

ELIZONDO, Gilberto   -  pop.                                                                                                5

termination, he had attained the position of Senior Vice President of Human Resources and was earning approximately $163,638.00 annually including bonuses, incentive pay and/or fringe benefits.  During his more than 17 years of employment with the Defendant company, Plaintiff performed the duties assigned to him with dedication, hard work and loyalty.

7.3     During the last six months of his employment, Plaintiff was subjected to discriminatory animus, disparate treatment and/or a hostile work environment on account of illegal age discrimination (62: DOB: XX-XX-19XX) directed at him. Plaintiff was told by Defendant's employer's CEO, G.S. Tan, that Plaintiff either had to resign or he would be terminated for allegedly violating company policy.  Plaintiff was considered one of the older and higher compensated employees in the company and he was replaced by a younger, and less tenured individual, namely – Alberto Garcia, who is being paid much less than Plaintiff. Defendant has also breached its agreement to pay Plaintiff all of the compensation that is due and owing, including his executive earned compensation in the President's List account.

7.4     On or about September 3, 2013, under threat of termination, Plaintiff Gilberto Elizondo was constructively discharged or forced to resign his position under protest.  As a result, Plaintiff was constructively discharged and/or terminated by members of Defendant's management.   The Defendant contended that Plaintiff violated an alleged conflict of interest policy by forming a non-competing residential construction company. Defendant, by and through CEO, G.S. Tan and CFO, Alberto Garcia, were aware and had authorized Plaintiff's formation of the residential construction company.   The alleged

reason provided for Plaintiff's discharge is a pretextual excuse which is designed to mask discriminatory age animus and/or unlawful retaliation.

7.5    Plaintiff Gilberto Elizondo would further show unto the court and jury that a motivating or determining factor in connection with his unlawful termination was on account of his age (62; DOB: XX-XX-19XX) in violation of the Texas Commission on Human Rights Act. Furthermore, Plaintiff would show that he is in the protected category of age (i.e., – 62 years of age in that he was over 40 years old); that he was qualified for his job as Senior Vice President of Human Resources and that he was constructively discharged or terminated and that he suffered an adverse employment action and that he was replaced by a younger worker and/or was otherwise discriminated against on account of his age. As such, Plaintiff has been unlawfully discriminated against and/or retaliated against in violation of the Texas Commission on Human Rights Act ("TCHRA"), as amended.

7.6    The Defendant company, its agents, servants and/or employees discharged or in some other manner discriminated against Plaintiff on account of his age in violation of the Texas Commission on Human Rights Act ("TCHRA").

**Section 21.051 Discrimination by Employer:**

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or **age**, the employer:

1.    *Fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against the individual in connection with compensation or the terms, conditions, or privileges of employment; or*

2.    *Limits, segregates or classifies* an employee or applicant for employment in a manner that would deprive or tend to deprive an *individual of any employment opportunity or adversely affect in any other manner the status of the employee.*

(Vernon's 2013)(emphasis added).

7.7    Further, Plaintiff alleges that the wrongful termination by the Defendant employer was a form of retaliation because of his complaints of discrimination. Such actions are prohibited by an employer as follows:

**Section 21.055, Retaliation**

An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency *retaliates* or *discriminates* against a person who, under this Chapter:

1.    *Opposes discriminatory practice*;

2.    Makes or files a charge;

3.    Files a complaint; or

4.    *Testifies, assists or participates in any manner in an investigation, proceeding or hearing.*

(Vernon's 2013)(emphasis added).

7.8    As a result of the discriminatory treatment, his ultimate termination and/or the wrongful acts described herein, Plaintiff has suffered damages as further alleged in this Petition.

## VIII.

## Actual Damages

8.1    As a result of the incident made the basis of this suit, Plaintiff Gilberto Elizondo has incurred damages in the following respects:

**A.    Lost Earnings and Special Damages**

8.2    At the time of the incident complained of, Plaintiff Gilberto Elizondo was gainfully employed. As a proximate result of the wrongful acts of the Defendant company, Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful acts of the Defendant company,

Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired. In all reasonable probability, Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law due to the acts complained of above.

8.3    Pursuant to the Texas Labor Code § 21.258, Plaintiff Gilberto Elizondo pleads for all equitable relief including reinstatement as well as statutory front pay in the event that the court determines that reinstatement would create an undue hardship or is not feasible.

**B.    Past and Future Mental Anguish**

8.4    As a result of the incident described above, that is made the basis of this suit, Plaintiff Gilberto Elizondo has suffered physical injuries, sickness and/or illness as well as emotional distress, mental anguish, inconvenience, loss of enjoyment of life, loss of reputation and other hedonic damages. Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment and/or inferiority. Plaintiff has further suffered ill-health effects including, but not limited to, anxiety, agitation, restlessness, emotional distress, sleeplessness, depression and/or loss of self-esteem due to his discriminatory treatment. constructive discharge and/or wrongful discharge. In all reasonable probability, Plaintiff will continue to suffer such emotional distress, mental anguish, inconvenience, loss of enjoyment of life, loss of reputation and other hedonic damages for a long time into the future, if not for the balance of his natural life.

## IX.

### Attorney's Fees

9.1    By reason of the allegations of this petition and should Plaintiff Gilberto Elizondo be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary.  In this connection, Plaintiff will show that he has employed the undersigned attorney to assist him in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the *lodestar* amount of attorney's fees to be determined in the prosecution of this lawsuit.  A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.  If ultimately successful in this case, plaintiff fully expects that the defendant company will appeal this case. Plaintiff seeks attorney's fees to compensate the plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal.  Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, paralegals and/or law clerks that assist in the prosecution of the case.  As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## X.

### Exemplary Damages

10.1    The conduct of the Defendant company, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff.  Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant company's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated

to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant company acted with malice, actual malice and/or a specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant company and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant company as a result of its egregious violations of the law.

## XI.

## Demand for Trial by Jury

11.1   Plaintiff, by and through his attorney of record and pursuant to Rule 216 of the Texas Rules of Civil Procedure makes and files this Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee with the District Clerk of Cameron County, Texas. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, **GILBERTO ELIZONDO** prays that this Honorable Court grant the following:

(1)   Judgment against the Defendant, **KEPPEL AMFELS, LLC ,** for the Plaintiff's actual damages that would fairly and reasonably compensate the Plaintiff for all of the harms and losses that he has sustained. Plaintiff specifically reserves the right to amend this petition as time progresses in conformity with corresponding harms and/or losses sustained by the Plaintiff throughout this ordeal; ;

(2)   Punitive damages;

(3)   Attorney's fees;

(4)   Pre-judgment interest allowed by law;

(5)   Interest on said judgment at the legal rate from the date of judgment;

(6)    For costs of suit herein; and

(7)    For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive and for which he shall forever pray.

Respectfully submitted,

**THE LAW OFFICES OF**
**CARLOS E. HERNANDEZ, JR., P.C.**
200 E. Cano St.
Edinburg, Texas 78539-4510
Telephone: (956) 386-0900
Facsimile: (956) 380-0771


By:  /s/Carlos E. Hernandez, Jr.
        Carlos E. Hernandez, Jr.
        State Bar No. 00787681

**ATTORNEY FOR PLAINTIFF**
**GILBERTO ELIZONDO**

Filed
2014-DCL-06663
10/24/2014 3:36:11 PM
Aurora De La Garza
Cameron County District Clerk
By Carolina Ostos Deputy Clerk
2951977

## NO. 2014-DCL-06663

| | | |
|---|---|---|
| GILBERTO ELIZONDO, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| KEPPEL AMFELS, LLC, | § | |
| Defendant | § | 107TH  DISTRICT  COURT |

### DEFENDANT KEPPEL AMFELS, LLC'S
### ORIGINAL ANSWER

COMES NOW Defendant KEPPEL AMFELS, LLC's ("Defendant") and files this, its Original Answer, and would respectfully show the Court as follows:

### I.
### SPECIAL EXCEPTIONS

1.      Defendant specially excepts to Plaintiff's Original Petition paragraph 1.1. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff is required to state the amount of damages he seeks within specified ranges. Defendant asks the Court to require Plaintiff to specify his damages in compliance with Rule 47(c). Defendant further notes that Plaintiff is not entitled to conduct discovery until his Petition is amended.

### II.
### GENERAL DENIAL

2.      In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all of the allegations and claims contained in Plaintiff's Original Petition.

### III.
### ADDITIONAL MATTERS

3.      Defendant acted in good faith and without knowledge of illegality or any discriminatory conduct directed toward Plaintiff and deny that such conduct occurred.

EXHIBIT B-2

4.      All of the employment decisions made and actions taken by Defendant with respect to Plaintiff were based on legitimate, nondiscriminatory factors.

5.      All of the employment decisions made and actions taken by Defendant regarding Plaintiff were job-related and consistent with business necessity.

6.      To the extent that Plaintiff suffered any damages, such damages were caused by or contributed to, or by, his own actions.

7.      Plaintiff has failed to mitigate, or reasonably attempt to mitigate, his damages, if any.

8.      At all times, Plaintiff's employment was terminable at will by either Plaintiff or Defendant, with or without cause.

9.      All interim earnings or amounts earned, or which could have been earned, with reasonable diligence by Plaintiff should reduce any pay award, if any, which might otherwise be allowable.

10.     The amount of compensatory damages sought by Plaintiff is limited by Chapter 21 of the Texas Labor Code.

## IV.
## <u>ATTORNEY'S FEES</u>

11.     Pursuant to Tex. Labor Code § 21.259, Defendant requests all reasonable attorney's fees and costs be awarded to it, should Defendant prevail in this matter.

## V.
## <u>REQUESTS FOR DISCLOSURES</u>

12.     Under Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## VI.
## CONCLUSION

13.     Defendants reserve the right to amend their Answer in accordance with the Texas
Rules of Civil Procedure and all other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant Keppel Amfels, LLC prays that
the Court sustain its special exception and order Plaintiff to re-plead, that Plaintiff take nothing,
that Plaintiff's claims and cause of action be dismissed with prejudice, that Defendant Keppel
Amfels, LLC recovers its costs and attorney's fees, and that it have such other and further relief,
general and special, legal and equitable, to which it is justly entitled.

Respectfully Submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By:     /s/ Myra K. Morris
    Myra K. Morris, Attorney-in-Charge
    Texas Bar No. 14495850
    Brian C. Miller
    Texas Bar No. 24002607
    802 N. Carancahua
    Corpus Christi, Texas 78401
    Telephone:  (361) 884-8808
    Facsimile:  (361) 884-7261
    Email: myra.morris@roystonlaw.com
    Email: brian.miller@roystonlaw.com

    and

    Jordan F. Kaplan
    State Bar No. 24074511
    Pennzoil Place, Suite 500
    711 Louisiana Street
    Houston, Texas 77002
    Telephone: (713) 224-8380
    Facsimile: (713) 225-9945
    Email: jordan.kaplan@roystonlaw.com

**ATTORNEYS FOR DEFENDANT
KEPPEL AMFELS, LLC**

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument was served by the e-filing system (to counsel registered for e-service) and by the means indicated to the counsel below on this the 24th day of October, 2014:

**_VIA EC-FILING AND/OR FACSIMILE: (956) 380-0771_**
Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
200 E. Cano St.
Edinburg, Texas 78539-510
*Attorneys for Plaintiff*


*/s/ Myra K. Morris*
OF ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

2014-DCL-06663
10/30/2014 2:11:51 PM
Aurora De La Garza
Cameron County District Clerk
By Carolina Ostos Deputy Clerk
3013145

## NO. 2014-DCL-06663

| | | |
|---|---|---|
| GILBERTO ELIZONDO, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| KEPPEL AMFELS, LLC, | § | |
| Defendant | § | 107TH DISTRICT COURT |

## DEFENDANT KEPPEL AMFELS, LLC'S
## FIRST AMNEDED ORIGINAL ANSWER

KEPPEL AMFELS L.L.C. ("Defendant") and files this, its *First Amended Original Answer*, and would respectfully show the Court as follows:

## I.
## SPECIAL EXCEPTIONS

1.     Defendant specially excepts to Plaintiff's Original Petition paragraph 1.1. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff is required to state the amount of damages he seeks within specified ranges. Defendant asks the Court to require Plaintiff to specify his damages in compliance with Rule 47(c). Defendant further notes that Plaintiff is not entitled to conduct discovery until his Petition is amended.

## II.
## GENERAL DENIAL

2.     In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all of the allegations and claims contained in Plaintiff's Original Petition.

## III.
## ADDITIONAL MATTERS

3.     Defendant acted in good faith and without knowledge of illegality or any discriminatory conduct directed toward Plaintiff and deny that such conduct occurred.

EXHIBIT B-3

4.      All of the employment decisions made and actions taken by Defendant with respect to Plaintiff were based on legitimate, nondiscriminatory factors.

5.      All of the employment decisions made and actions taken by Defendant regarding Plaintiff were job-related and consistent with business necessity.

6.      To the extent that Plaintiff suffered any damages, such damages were caused by or contributed to, or by, his own actions.

7.      Plaintiff has failed to mitigate, or reasonably attempt to mitigate, his damages, if any.

8.      At all times, Plaintiff's employment was terminable at will by either Plaintiff or Defendant, with or without cause.

9.      All interim earnings or amounts earned, or which could have been earned, with reasonable diligence by Plaintiff should reduce any pay award, if any, which might otherwise be allowable.

10.     The amount of compensatory damages sought by Plaintiff is limited by Chapter 21 of the Texas Labor Code.

11.     Plaintiff did not bring this action within 60 days after he received notice of his right to file this action and therefore did not comply with that requirement of Section 21.254 of the Texas Labor Code. That statute required Plaintiff to both file the action and serve Defendant with process within that 60-day period. *See, e.g., Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App. – Corpus Christi 2000, pet. den.). Plaintiff attempted to serve, but did not actually serve, Defendant with process because Plaintiff's citation was facially invalid. The citation was facially invalid because the citation did not include all of the information required by Rule of Civil Procedure 99. As a result, the 60-day limitations period of Section

21.254 (which began on August 11, 2014, according to Page 3 of Plaintiff's original petition) expired on October 10, 2014, before Defendant voluntarily appeared in this suit by filing its original answer on October 24, 2014. Plaintiff's suit is therefore barred by limitations.

## IV.
## ATTORNEY'S FEES

11.     Pursuant to Tex. Labor Code § 21.259, Defendant requests all reasonable attorney's fees and costs be awarded to it, should Defendant prevail in this matter.

## V.
## REQUESTS FOR DISCLOSURES

12.     Under Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## VI.
## CONCLUSION

13.     Defendants reserve the right to amend their Answer in accordance with the Texas Rules of Civil Procedure and all other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant Keppel Amfels, LLC prays that the Court sustain its special exception and order Plaintiff to re-plead, that Plaintiff take nothing, that Plaintiff's claims and cause of action be dismissed with prejudice, that Defendant Keppel Amfels, LLC recovers its costs and attorney's fees, and that it have such other and further relief, general and special, legal and equitable, to which it is justly entitled.

Respectfully Submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By:     _/s/ Myra K. Morris_____
        Myra K. Morris, Attorney-in-Charge
        Texas Bar No. 14495850

Brian C. Miller
Texas Bar No. 24002607
802 N. Carancahua
Corpus Christi, Texas 78401
Telephone:  (361) 884-8808
Facsimile:  (361) 884-7261
Email: myra.morris@roystonlaw.com
Email: brian.miller@roystonlaw.com

and

Jordan F. Kaplan
Texas Bar No. 24074511
Pennzoil Place, Suite 500
711 Louisiana Street
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: jordan.kaplan@roystonlaw.com

**ATTORNEYS FOR DEFENDANT**
**KEPPEL AMFELS, LLC**

**CERTIFICATE OF SERVICE**

I certify that the foregoing instrument was served by the e-filing system (to counsel registered for e-service) and by the means indicated to the counsel below on this the 30th day of October, 2014:

**_VIA EC-FILING AND/OR FACSIMILE: (956) 380-0771_**
Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
200 E. Cano St.
Edinburg, Texas 78539-510
*Attorneys for Plaintiff*

*/s/ Myra K. Morris*
OF ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.